IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA JANETTE COLÓN-ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL NO. 12-1899 (CVR) |

**OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff María J. Colón-Ortiz ("Colón-Ortiz") filed this action for review of the decision of the Commissioner of Social Security ("Commissioner") which denied her application for child's disability benefits, pursuant to Section 205(g) of the Social Security Administration Act, 42 U.S.C. § 405(g) ("Act"). (Docket No. 1).

The Commissioner has consented to proceed before a U.S. Magistrate Judge in all Social Security cases pursuant to 28 U.S.C.A. § 636(c). On October 30, 2012, Colón-Ortiz filed a consent to proceed before the U.S. Magistrate Judge. (Docket No. 8). On March 27, 2013, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 17 and 18). On October 21, 2013, Plaintiff filed her memorandum of law. (Docket No. 38). On November 19, 2013, the Commissioner filed his memorandum. (Docket No. 40).

A careful review of the record confirms the Commissioner's decision is supported by substantial evidence and, thus, must be affirmed.

## II.   PROCEDURAL HISTORY

On May 18, 2006, Plaintiff Colón-Ortiz filed an application for child's insurance benefits alleging that she had been disabled since January 1, 1982, due to schizophrenia. The application was denied at the initial level and also on reconsideration. Colón-Ortiz then requested a hearing before an administrative law judge ("ALJ"), which was held on June 30, 2008. The ALJ considered the case and found that Colón-Ortiz was not under a disability within the meaning of the Social Security Act, prior to attaining age of 22.[1] On August 17, 2010, the Appeals Council denied Plaintiff's request for review and a petition for judicial review of the ALJ's decision in this Court followed. See, Docket No. 1 of Civil No. 10-1863 (GAG).

On March 22, 2011, the Hon. Gustavo A. Gelpí, remanded the case to the Commissioner for further administrative proceedings as the record showed some inconsistent findings of fact. See, Docket No. 16 of Civil No. 10-1863 (GAG).  The court instructed that, upon remand, "... the ALJ should obtain more than Dr. Mercado's 'barebones' report, if he [sic] is to conclude that plaintiff was not disabled prior to age 22." Id.

On June 13, 2012, the ALJ held a second administrative hearing in which the ALJ heard testimony from Colón-Ortiz, her mother (Maria Ortiz), and Dr. Jennifer A. Cortés ("Dr. Cortés").  In addition, the ALJ had before him reports and medical notes prepared by several doctors and psychologists and Plaintiff's grades during college.  See, Docket No. 17, Social Security Transcript ("Transcript") at pp. 355-358 for a detailed list of Exhibits.

---

[1] On April 25, 1985, Plaintiff Colón-Ortiz turned 22 years of age.

On July 5, 2012, the ALJ issued a second decision finding that Colón-Ortiz was not disabled before she attained the age of 22. See, ALJ's Decision dated July 5, 2012, Transcript at pp. 348-358. After a detailed summary of the evidence presented at the hearing, the ALJ held as follows:

> [t]he undersigned considered the testimonies of the claimant and her mother and evaluated the different medical opinions contained in the record. In addition, the undersigned obtained the opinion of an impartial medical expert, Dr. Cortés, who could not find any evidence of a medically determinable impairment that existed from the alleged onset date, January 1, 1982, through April 25, 1985.
>
> Although the record evidence shows the claimant had a schizoaffective disorder since 1997, there is no sufficient evidence to support a mental disorder before 1985. Even more, the fifteen-year gap between the alleged onset date and the date the claimant initiated psychiatric treatment undermined her allegations of severe mental impairment. Accordingly, the [ALJ] must conclude that there are no signs or laboratory findings to substantiate the existence of a medically determinable impairment from January 1, 1982 through April 25, 1985.

Id. at p. 354.

On August 29, 2012, the Appeals Council again denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of the Social Security Administration, subject to judicial review. Transcript at pp. 318-321.

Plaintiff Colón-Ortiz now seeks judicial review of the final decision of the Commissioner denying her petition. (Docket No. 2). In sum, Colón-Ortiz submits the ALJ erred by not giving controlling weight to the statements made by two (2) of her physicians, to wit, Dr. Ramón Cuevas Natal ("Dr. Cuevas") and Dr. Joan M. Figueroa Márquez("Dr. Figueroa"). (Docket No. 38 at pp. 18-21). She further contends the ALJ failed to consider

"relevant medical notes, evaluations and available records" and order Dr. Cortés (impartial medical expert) to examine Colón-Ortiz. Id. at pp. 10-14.

### III. ANALYSIS

The sole issue before this court is whether substantial evidence supports the decision of the Commissioner that Plaintiff failed to establish that she was under a disability within the meaning of the Social Security Act from January 1, 1982 until April 25, 1985, the day Plaintiff turned 22 years old. A careful review of the record confirms the Commissioner's decision is supported by substantial evidence and, thus, must be affirmed.

**A.    PLAINTIFF'S BURDEN**.

The child of an individual entitled to old-age or disability insurance benefits, or the child of an individual who dies fully or currently insured, is entitled to child's disability benefits, under Section 202(d)(1)(B) of the Act, 42 U.S.C. 402(d)(1)(B), if at the time of her application, she is "under a disability (as defined in section 423(d) of this title) which began before [she] attained the age of twenty-two."[2] For purposes of the child's disability insurance benefits, the Act defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505. The Act further defines a medically determinable impairment as one that "results from an anatomical, physiological, or psychological abnormality which are

---

[2] It is undisputed that Plaintiff was the daughter and dependant of a deceased wage earner. It is also undisputed that she is unmarried, as required for eligibility.

demonstrable by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To make a final determination as to whether a claimant is or not disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

### B. THE STANDARD OF REVIEW.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g). Richardson v. Perales, 402 U.S. 389, 401 (1971); Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996) and Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. See, Rodríguez-Pagán v. Secretary of Health and Human Services, 819 F.2d 1,3 (1st Cir. 1987) (The Court must affirm the Commissioner's decision "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.") (internal citations omitted); see also, Benetti v. Barnhart, 193 Fed.Appx. 6 (1st Cir. 2006).

To establish entitlement to disability benefits, the burden is on the claimant to prove that she is disabled within the meaning of the Act. See Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987).

The undersigned has carefully examined the briefs filed by the parties, the decisions of the ALJ and the record as a whole. This review confirms the ALJ's determination that Colón-Ortiz did not offer evidence that her schizophrenia, which was diagnosed in 1997, existed during the relevant time period, January 1, 1982 to April 26, 1985. The Court explains.

The ALJ in the instant case evaluated Plaintiff's case following the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520.[3] The ALJ first found that Plaintiff had not engaged in substantial gainful activity since January 1, 1982, her alleged onset date, despite having earned small amounts of income in the years 1984 ($87.77), 1986 ($321.60), 1987 ($656.60), and 1989 ($395.30).[4] Transcript at p. 350 and 20 C.F.R. § 404.1520(b).

At step two, however, the ALJ held that, during the relevant time period, Plaintiff did not offer evidence of medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. After a thorough analysis of the evidence presented, the ALJ held said evidence did not show that Plaintiff's schizophrenia, which was diagnosed

---

[3] That is, (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listing as set out in Appendix 1; (4) whether the impairment prevents the claimant from returning to her past relevant work; and (5) whether the claimant is able to perform other work as it exists in the national economy. See 20 C.F.R. § 404.1520(a)(4)(I)-(v).

[4] As to the earnings pertaining to the year 1988, the ALJ held Colón-Ortiz had an unsuccessful work attempt, pursuant to 20 C.F.R. 404.1574. Transcript at pp. 350 and 351.

in 1997, existed during the relevant time period, January 1, 1982 to April 26, 1985. Transcript at pp. 351-352. As a result, the ALJ found that Plaintiff was not disabled. Id. at p. 354.

While reaching this conclusion, the ALJ considered the testimony of Colón-Ortiz, her mother and Dr. Cortés (impartial medical expert). He also considered and evaluated the medical evidence in the record, including Dr. Cuevas' progress notes (Plaintiff's treating psychiatrist since 1997) and Plaintiff's transcripts from the University of Puerto Rico for the critical period of January 1, 1982 to April 26, 1985 and other relevant years. Although the ALJ concluded that Plaintiff's responses and behavior at the hearing were consistent with a credible mental disorder **at the present**, he correctly concluded there was no evidence to support a mental disorder before 1985. This finding was further supported by the independent medical expert, Dr. Cortés, who testified that, based on a review of the medical evidence, the record contained no evidence of a medically determinable impairment for the relevant time period. Transcript at pp. 388-392. Indeed, the first evidence in support of said finding was dated February 17, 1997, that is, almost twelve (12) years after the period at issue. Id. at p. 389. In addition, as correctly stated by the Commissioner, a state-agency review psychologist, Dr. Jeannette Maldonado, reviewed Plaintiff's case file and stated that there was "no [medical evidence] in file to [e]stablish an emotional condition [before] age 22 (04/26/1985)." Transcript at p. 257.

Plaintiff now claims, the ALJ was required to give controlling weight to the statements made by two (2) of her physicians, namely, Dr. Cuevas and Dr. Figueroa.[5] The undersigned is not persuaded. As correctly held by the ALJ, a careful review of those statements confirms that they were not based on any sort of clinical medical evidence, but upon the report of Plaintiff's mother. The record further confirms that Colón-Ortiz was first examined by Dr. Cuevas in 1997 and that more than twelve (12) years passed between the alleged onset date and the date Colón-Ortiz initiated psychiatric treatment.[6]

In addition, contrary to Plaintiff's allegations, the ALJ considered her grades at college and concluded that those grades do not support the presence of a medically determinable impairment during the critical period. The ALJ further reasoned that "[g]iven the inconsistent pattern in the claimant's grades, the undersigned cannot draw from them any conclusion as to her mental condition then. In fact, decreased grades could be due to multiple factors and did not necessarily imply that a severe mental component caused it." Transcript at p. 353. Similarly, the ALJ concluded those statements were inconsistent with the statements made by two other physicians, the independent medical expert (Dr. Cortés) and Dr. Maldonado. Furthermore, although her mother testified Colón-Ortiz was treated by a psychiatrist at the University of Puerto Rico around 1983, she did not recall the name of the psychiatrist who treated her daughter at said time and indicated having no records

---

[5] Plaintiff refers this court's attention to a statement made by Dr. Figueroa in 2008 as part of a psychological evaluation that Plaintiff "stated presenting psychiatric problems in 1982 when she was 19 years old and attending college" and a similar statement made by Dr. Cuevas during an examination made nearly 12 years after the end of the relevant period that "[e]verything began 15 years ago." Docket No. 38 at p. 19.

[6] Dr. Figueroa's report contains no medical evidence pertaining to the period 1982 to 1985 and cannot support a finding that Plaintiff suffered a mental impairment before age 22, as she evaluated Colón-Ortiz in 2008. More specifically, she evaluated Colón-Ortiz on April 24, 2008 and April 29, 2008. Transcript at p. 302.

of this treatment. Plaintiff's mother further indicated that Colón-Ortiz continued her medical care with another psychiatrist in 1983 and was under her care for two (2) years. Once again, Plaintiff's mother could not recall the name of the psychiatrist and could not obtain the medical records. She also testified plaintiff Colón-Ortiz was never hospitalized for her condition. Transcript at pp. 373-375. Thus, it is clear that Colón-Ortiz fell short of her duty to prove that she was disabled within the meaning of the Act from the alleged onset date, January 1, 1982 through April 26, 1985.

After all, the Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. See Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

Colón-Ortiz finally argues that the ALJ should have ordered Dr. Cortés to personally examine her and render and opinion. (Docket No. 38 at pp. 16-18). Plaintiff is wrong. As correctly argued by the Commissioner, the ALJ obtained Dr. Cortés' testimony to obtain her opinion on whether or not a mental impairment existed during the crucial period, 1982 to 1985. Whether or not Colón-Ortiz had a mental impairment **at the time Dr. Cortés testified** is completely irrelevant to this case. As previously explained, independent medical expert Dr. Cortés testified that, based on a review of the medical evidence, the

record contained no evidence of a medically determinable impairment for the crucial period.

## IV. CONCLUSION

For the reasons above discussed, this U.S. Magistrate Judge, having carefully perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner, concludes the Commissioner's decision is supported by substantial evidence. As such, the Commissioner's decision is **AFFIRMED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 3rd day of December of 2013.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE